IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC FREEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-1045-O |
| | § | |
| ARLINGTON SWAT, et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se Plaintiff Eric Freeman's ("Freeman") case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that all Plaintiff's claims in this action must be **DISMISSED** with prejudice under authority of these provisions, but that his proposed unrelated supplemental claims must be **DISMISSED** without prejudice.

**I.    BACKGROUND**

Plaintiff Freeman initially filed a form civil rights complaint. Compl., ECF No. 1. At that time Freeman was detained in the Tarrant County Jail. *Id.* at 1, 3, and 6. After review of the original complaint, the Court issued an order for Freeman to provide a more definite statement of the facts related to his claims, and he responded by filing a more definite statement. Order for More Definite Statement ("MDS"), ECF No. 10; MDS, ECF No. 11. Unbeknownst to the Court at that time, however, Freeman had submitted an amended complaint raising different claims and allegations against different defendants on October 14, 2021, but that document was not filed and placed on the docket until December 28, 2021. ECF No. 12. With the inconsistent pleadings then

1

pending, the Court directed Freeman to again file a second amended complaint. Order, ECF No. 15. The order directed Freeman to "complete and file an amended complaint with any attachment pages, stating all factual allegations, and all claims against any defendants he [sought] to pursue in this case, including those claims previously stated and any new claims and defendants . . . ." *Id.* at 2. And, the order expressly informed Freeman that the Court would look only to that document with attachments in reviewing his claims. *Id.* Freeman then filed the second amended complaint with attachments and thus that is the operative pleading subject to screening. Sec. Am. Compl. 1-7, ECF No. 16.

      The second amended complaint names only one defendant identified as Arlington Swat. *Id.* This pleading is otherwise unclear and fails to set forth any actual claims for relief. *Id.* at 1-2. Giving Freeman the benefit of the doubt, the Court will also look back to the original complaint. In that document, Freeman also named Arlington Swat along with the Arlington Police Department. Compl. 1-2, ECF No. 1. In that pleading, Freeman alleges that on October 30, 2020, after a disagreement with his wife, he was "in the process of turning [himself] over to the authorities and was shot." *Id.* at 4. He claims that as a result he has been stricken by PTSD but sought relief for the "injustice system is shooting my freedom." *Id.* He does not, however, recite any other claims for relief.

      Moreover, as noted, the Court also had issued an order for more definite statement with specific questions related to the allegations in the original complaint. Order for MDS, ECF No. 10. That order included several questions regarding Freeman's naming of Arlington Swat and Arlington Police Department as defendants, and directed him to state whether either of those municipal departments had its own jural existence. *Id.* at 2. The Court also provided Freeman the chance to assert his claims against any other municipality. *Id.* Freeman's more definite

statement included no answers to those questions. MDS 1-2, ECF No. 4.

Also before the Court, Freeman has recently filed a proposed supplemental complaint. ECF No. 20. Because that document raises new claims unrelated to the claims before the Court in this case, it will be dismissed without prejudice to Freeman's right to file a new suit.

## II.    LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a).  Because Freeman was a "prisoner" as defined under §1915A(c) at the time he filed this lawsuit in September 2021, this screening provision applies to the case despite his subsequent release. *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n. 2 (E.D. Va. 1997); *accord Rackely v. Gusman*, CA No. 08-0825, 2009 WL 159170, at *1 n.1 (E.D. La. Jan 16, 2009). Moreover, because Freeman is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. Arlington SWAT and Arlington Police Department - No Jural Existence

As noted above, plaintiff Freeman named as the only defendant Arlington SWAT in the second amended complaint and had also previously listed the Arlington Police Department as a defendant in the original complaint. ECF Nos. 1, 16. But Freeman has not shown that either of these municipal entities has its own jural existence and is itself subject to suit. In the order for more definite statement, the Court explained the following:

> (2) You have named as a defendants in the style and "Parties to the Suit" section of the complaint Arlington SWAT and the Arlington Police Department.
>
> If you intend to maintain a claim against Arlington SWAT or the Arlington Police Department, set forth any facts to show how either Arlington SWAT or the Arlington Police Department has jural existence and is itself subject to suit. *See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991) (noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department); *see also Parker v. Fort Worth Police Department,* 980 F.2d 1023, 1025-26 (5th Cir. 1993) (reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff leave to amend to name the City of Fort Worth itself.)
>
> State whether you instead wish to have the Court consider any claim against Arlington SWAT or the Arlington Police Department as only against the City of Arlington, Texas.

4

>   (3) If you do intend your claims as referenced in question 2 to be only against the City of Arlington, Texas set forth any facts that show how any custom or policy of the City of Arlington, Texas relates to your claims.

Order for MDS 2, ECF No. 10.

In spite of the Court's order informing Freeman of the law on jural existence and the express directive for him to either address whether either Arlington Swat or the Arlington Police Department had its own jural existence, or to name another government entity and set forth facts of how that government entity was responsible, Freeman wholly failed to address the issue. MDS 1-2, No.11; Sec. Am. Compl. 1-2, ECF No. 16. Instead, he continued to name Arlington Swat as the only defendant in the second amended complaint. Sec. Am. Compl. 1, ECF No. 16.

But "[f]ederal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civ. A. No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because Freeman has failed to show that Arlington Swat or Arlington Police Department are separate legal entities with the capacity to be sued, all of his claims against these, the only defendants, must be dismissed. *See Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 878 (5th Cir. 2009) (dismissing claims against Tarrant County Sheriff's Department and County Commissioners where plaintiff failed to show that defendants were separate legal entities amendable to suit); *see also Copeny v. City of Arlington,* No. 3:97-cv-2545-D, 1998 WL 119534 at *1 n. 1(N.D. Tex. Mar. 9, 1998) (noting several instances where courts in the Northern District of Texas dismissed claims against the Arlington Police Department due to a "lack of separate jural existence from the [City of Arlington] itself"); *Baker v. Navarro Cnty. Jail System*, Civ. A. No. 3:09-cv-1004-L, 2009 WL 3295136 at *2 (N.D. Tex. Oct. 9, 2009) (granting Rule 12(b)(6) motion where plaintiff failed to

allege that County granted the department jail system jural authority).

## IV.  CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Eric Freeman's claims for relief in this action against the only named defendants, Arlington Swat and Arlington Police Department, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

It is further **ORDERED** that Freeman's proposed supplemental complaint (ECF No. 20) is **DISMISSED** without prejudice to his right to re-file in a new suit.

**SO ORDERED** this **18th day** of **May, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] Freeman also filed a handwritten request for assistance which is construed as a request for appointment of counsel. ECF No. 19. Because the Court has found Freeman's claims must be dismissed, the motion for assistance through the appointment of counsel (ECF No. 19) is **DENIED**.

Freeman has also filed another motion to proceed in forma pauperis. ECF No. 21. As noted previously, Freeman was already granted the right to proceed in forma pauperis in this case. ECF Nos. 2, 8, 9 and 18. Thus, the latest motion to proceed in forma pauperis (ECF No. 21) is **DISMISSED** as moot.